■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LI AH, Appellant. [723 NYS2d 404] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 3, 1997 (*People v Li Ah,* 237 AD2d 306), affirming a judgment of the Supreme Court, Kings County, rendered February 27, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, P. J., O'Brien, Ritter and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. MEYER, JR., Appellant. [723 NYS2d 386] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered July 2, 1998, convicting him of manslaughter in the second degree, vehicular manslaughter in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to establish beyond a reasonable doubt that he acted with the requisite culpable mental state to support the convictions of manslaughter in the second degree and vehicular manslaughter in the second degree. The defendant further contends that the People failed to establish beyond a reasonable doubt that he was intoxicated. Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the convictions. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Ritter, McGinity and H. Miller, JJ., concur.